Curia, per Richardson, J.
The question is, has not the covenant of partnership, which was executory and continuing, been executed under its express provisions %
The general rule of law, that covenants under seal can only be dissolved by written agreements also under seal, is well established. Noy. Max. 11; 5 Rep. 26 ; 6 Rep. 43. For instance ; a common money bond, being under seal, cannot be dissolved but by a written agreement, also under seal; and yet the condition of the bond may be proved to be fulfilled — as by payment, by accord and satisfaction, by lapse of twenty years, (fee, ; and any such fulfilment, though not under seal, dissolves the obligation of the bond. The meaning of the maxim, eodem modo dissolvitur &c. seems to be this, that where a subsequent contract is set off to dissolve, estop, or alter a prior contract, the former must be of as high a character as the latter. As if Trues-dell and Baker, while continuing in partnership, had changed the terms before stipulated, such alterations must be evidenced under seal — and the covenant would have still stood so modified. But when the contract itself sets forth the terms (in this instance “ mutual consent”) upon which it may be made to end, it is not unlike a bond which is dissolved by payment, though not proved by a sealed writing. Why ? Because the very end and terms of the bond are fulfilled by the fact of payment, no matter how proved. The executory contract has become executed, and ends. In like manner, may not the “ mutual consent” stipulated in this covenant, upon its actual occurrence, dissolve the partnership ipso facto ? — although, had there been no such stipulation expressed in the covenant, such consent must, like a mere alteration, have been proved by a sealed writing. In such a case, mutual consent would have been new, foreign, and additional to the covenant.
*354 But in the case before the court, “ mutual consent” is covenanted to be the end and dissolution. Does it or not, mean the fact of mutual consent to operate as payment or satisfaction ? There may be assuredly room for either construction.
But the covenant admits of that practically adopted, in the first instance, by the parties themselves. They did dissolve by mutual consent, in point of fact. But take another view of the parol evidence admitted; the defendant was entitled to prove such consent in any way, at least to lessen the amount of damages, under any construction of the covenant. Under no view, therefore, can we perceive error in the circuit decision.
The motion is dismissed.
O’Neall, Evans, Butlee., Waedlaw and Feost, JJ» concurred.